

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

FILED
MAY 16 2017

| JARED INHOFER | ) | CIV. 17-5041 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **COMPLAINT** |
| ROLLING BONES OUTFITTERS, INC. | ) | |
| Defendants. | ) | |

**PRELIMINARY STATEMENT**

1. Plaintiff, a former employee of Defendant ROLLING BONES OUTFITTERS, INC., brings this action, on his own behalf and on behalf of all others similarly situated, under the United States Fair Labor Standards Act, 29 U.S.C. § 216(b), for remedies arising out of Defendants' non-payment of overtime.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over the claims asserted herein pursuant to Article III of the United States Constitution, 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).

3. Venue is proper in this Court under 28 U.S.C. § 1391(b). Defendant resides in this District for the purposes of the foregoing venue statute and a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred in this District.

**PARTIES**

4. Plaintiff JARED INHOFER (hereinafter "Plaintiff") is an individual. Plaintiff is a citizen of the United States of America and the State of South Dakota. Plaintiff resides in this District. Plaintiff was employed by Defendant ROLLING BONES OUTFITTERS in this District as a store manager. Plaintiff worked overtime for Defendant without receiving any of the compensation to which he was entitled.

**FIRST CLAIM FOR RELIEF**
**(Fair Labor Standards Act)**

5. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 4 of this Complaint as though fully set forth in this First Claim for Relief.

6. At all times relevant to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. §§ 203(r) and 203(s). At all times relevant to this Complaint, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and has employed the Plaintiff, within the meaning of 29 U.S.C. § 203(g).

7. That the Defendant hired the Plaintiff purportedly to be a Manager of the Defendant's store, located in Spearfish, Lawrence County, South Dakota. Although classifying the Plaintiff as a "Manager," Defendant knew, or should have known, that there was no managerial position at the store in Spearfish. Specifically, the Defendant required Plaintiff to open the store, deal with customers, make repairs on various pieces of equipment, handle phone calls, sell merchandise, and otherwise direct the duties of the Plaintiff. The Plaintiff was not allowed to hire or fire individuals, and did not have any managerial discretion. The hours, course, scope, and direction of the Plaintiff's work was directed solely by the Defendant.

8. During the course of time between the Plaintiff's employment in April 2015 through March 2016, Defendant required the Plaintiff to arrive on Monday through Friday shifts, reporting at 9:30 a.m., and working non-stop until 6:30 p.m., and on weekends, the Defendant required the Plaintiff to arrive at 8:30 a.m., and work non-stop until 5:30 p.m.

9. During the applicable limitations period, Defendant required, suffered, and permitted the Plaintiff to work more than forty (40) hours per week, without paying him overtime compensation as required by 29 U.S.C. § 207(a).

10. Upon information and belief, Defendant failed to accurately record, report, and/or preserve records of hours worked by the Plaintiff as required by 29 U.S.C. § 211(c). To the extent such records exist, they are in the possession of Defendants and are discoverable in this action.

11. That Defendant's unlawful conduct was repeated and consistent up until approximately March 2016.

12. That in March, 2016, after repeated requests from the Plaintiff to obtain a copy of his W-2 forms for income tax filing purposes, the Defendant issued him a 1099 form, indicating that he was an independent contractor. This was contrary to the employment practice of the Plaintiff and Defendant, and the employment agreement with the Plaintiff and Defendant, that he would be an employee.

13. Defendant knew, or should have known, that the Plaintiff was working more than forty (40) hours per week without overtime compensation, during the applicable limitations

period, and during that entire period of time, Defendant misclassified Plaintiff under 29 U.S.C. § 213(a).

14. That after such issuance, and protest by the Plaintiff, Defendant required the Plaintiff to quickly fill out appropriate employee tax forms to reclassify him as an employee.

15. Upon information and belief, Defendant's failure to pay overtime to the Plaintiff was "willful" for the purposes of 29 U.S.C. § 255(a).

16. By reason of Defendant's foregoing conduct, Plaintiff has suffered harm and been damaged.

17. Plaintiff is entitled to damages in the amount of all unpaid overtime from three (3) years immediately preceding the filing of this action, pursuant to 29 U.S.C. § 255(a). Plaintiff is entitled to liquidated damages, plus interest and costs as allowed by law, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper. Plaintiff is also entitled to recover attorney fees and costs, pursuant to 29 U.S.C. § 216(b). Plaintiff hereby seeks all of the foregoing remedies.

18. WHEREFORE, Plaintiff requests relief set forth in this First Claim for Relief and below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jared Inhofer prays for the following:

A. Judgment against Defendant for an amount equal to the overtime Defendant failed to pay at the applicable overtime rate, pursuant to 29 U.S.C. § 216(b);

B. Liquidated damages in an additional amount equal to the overtime Defendant failed to pay at the applicable overtime rate, pursuant to 29 U.S.C. § 216(b);

C. Attorney fees and costs, pursuant to, *inter alia*, 29 U.S.C. § 216(b);

D. A finding that Defendant's violations of law were willful and providing for a recovery period of three (3) years prior to the filing of this Complaint, pursuant to 29 U.S.C. § 255(a);

E. An award of prejudgment interest;

G.      Such further relief as the Court deems just and equitable.

                        STRAIN MORMAN LAW FIRM

By: _____
     Michael W. Strain
     Attorney for the Plaintiff
     1134 Main Street - P.O. Box 729
     Sturgis, South Dakota 57785
     (605) 347-3624